UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH PASCHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:17-cv-22-WTL-DML |
| | ) |
| CITY OF INDIANAPOLIS, et al., | ) |
| | ) |
| Defendants. | ) |

### ENTRY ON DEFENDANT CORRECT CARE SOLUTIONS, LLC'S MOTION FOR FAILURE TO STATE A CLAIM

This cause is before the Court on the motion to dismiss filed by Correct Care Solutions, LLC ("CCS") (Dkt. No. 43). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

### I. STANDARD

CCS moves to dismiss the Plaintiff's federal claims pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), arguing that the Plaintiff fails to state a claim upon which relief can be granted and fails to provide any factual basis for his claim. Dkt. No. 43 at 1-2.

In reviewing a motion pursuant to Rule 12(b)(6), the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff," *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012), and determine whether the "complaint provide[s] the defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests,'" *id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). In addition, "[the] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Roberts v. City of Chicago*, 817 F.3d 561, 564-65 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim. *Iqbal*, 556 U.S. at 678, 680.

## II. BACKGROUND

For purposes of this Entry, the Court accepts the following facts from the Plaintiff's Amended Complaint as true.[1] CCS provides medical services to inmates at the Marion County Jail. The Plaintiff was arrested, brought to the Marion County Jail Processing Center on May 25, 2016, and jailed at the Marion County Jail. He is an insulin-dependent diabetic. Jennifer Neese, a CCS employee, failed to appropriately monitor and document his blood sugar levels, which led to a hypoglycemic episode in which he became agitated and struck a television. The Plaintiff was tazed as a result of this incident. Ms. Neese further failed to designate that the Plaintiff required a special diet. The Plaintiff informed a city employee that he was receiving the wrong insulin, but that employee did not pass that information along to CCS staff. "Rather than provide [the Plaintiff] with proper medication and diet, he was placed on suicide watch by Brian Carter . . . an employee of [CCS]." Am. Compl. ¶ 12. While on suicide watch on May 27, 2016, the Plaintiff's blood sugar was documented to be 376mg/dl,[2] which is high, and medical staff did not administer insulin for two hours. At some point, the Plaintiff was found unresponsive in his cell. The Plaintiff went to the hospital for treatment for diabetic ketoacidosis. Dkt. No. 48 at 2. Dr.

---

[1] The Court has also included facts found in the Plaintiff's response brief (Dkt. No. 48). *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 640 n. 1 (7th Cir. 2015) (A party opposing a motion to dismiss "is free to elaborate upon the facts in a brief.") (citations omitted).

[2] For purposes of this Entry, the Court presumes this to be the proper unit of measurement. The Plaintiff did not indicate a unit of measurement in the Amended Complaint.

John Foster and CCS failed to appropriately train and monitor nursing staff in treating the Plaintiff. They failed to provide immediate and proper medical treatment and "failed to have in place policies and procedures for the timely administration of medical care." Am. Compl. ¶ 19.[3] The Plaintiff has brought state law and federal law claims against the City of Indianapolis, CCS, and several individual defendants. The Plaintiff brings an Eighth Amendment claim against all Defendants, arguing that they were deliberately indifferent to his diabetic condition.

## III. DISCUSSION

As the Seventh Circuit has explained, a private company acting under color of state law can be held liable for harms caused by the company's policy or custom. *See Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 378 (7th Cir. 2017), *cert. denied*, *sub nom. Corr. Med. Servs., Inc. v. Glisson*, --- S. Ct. ----, 2017 WL 2289613 (U.S. Oct. 2, 2017) (No. 16-1406) ("[I]f institutional policies are themselves deliberately indifferent to the quality of care provided, institutional liability is possible."); *see also Chatham v. Davis*, 839 F.3d 679, 685 (7th Cir. 2016) (*Monell* liability "applies in § 1983 claims brought against private companies acting under color of state law."). A company's inaction can also form the basis for liability. To determine liability, "[t]he key is whether there is a conscious decision not to take action." *Glisson*, 849 F.3d at 381.

CCS argues that the federal claims against it should be dismissed because "[the] Plaintiff has failed to allege that a policy, practice, or procedure of CCS violated his Constitutional rights," Dkt. No. 44 at 3, but no such allegation is required. The Plaintiff alleges that "[the] Defendants failed to have in place policies and procedures for the timely administration of medical care," and that he was injured as a result.[4] Am. Compl. ¶ 19(e). This lack of policy or

---

[3] The Court refers here to the Amended Complaint's first paragraph 19.
[4] The Plaintiff also states that the Defendants "failed to follow policies and procedures for the medical safety of incarcerated persons." Am. Compl. ¶ 19.

3

procedure is what gives rise to the Plaintiff's federal cause of action against CCS. The lack of action on CCS's part, if deliberate, could lead to liability under section 1983. As a result, the Plaintiff has pled sufficient facts to state a claim against CCS and has provided CCS with "fair notice of what the . . . claim is and the grounds upon which it rests." *Agnew*, 683 F.3d at 334 (citations omitted). Therefore, CCS's motion to dismiss the Plaintiff's federal claims for failure to state a claim is **DENIED** in its entirety.

    **SO ORDERED: 10/12/17**

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification